UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KOLAN JENKINS, | § | |
| SPN 01194776, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-18-687 |
| | § | |
| HAINES LAW, *et al*, | § | |
| | § | |
| Defendants. | | |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

*Pro se* Plaintiff Kolan Jenkins is currently confined in the Harris County Jail. Plaintiff has filed a complaint using the form for civil rights complaints under 42 U.S.C. § 1983, alleging that his attorney did not return unearned fees. The Court concludes that this case must be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to cases or controversies that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180 (1803)); *Scarlott v. Nissan North Amer., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) ("Federal courts are courts of limited jurisdiction 'hav[ing] only the authority endowed by the Constitution and that conferred by Congress.' ") (quotation omitted). Because of the limits on federal judicial power, district courts have a duty to evaluate subject matter jurisdiction — even if the parties do not raise this issue — before reaching the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012)

("Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.") (citations omitted). If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

Generally, a federal district court has the authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. Assuming that all of Plaintiff's allegations are true, his case falls into neither category.

In order to state a federal claim under section 1983, a plaintiff must show that a state actor deprived him of a constitutional right. *See Conway v. Hecker*, 623 F. App'x 232, 232 (5th Cir. Nov. 20, 2015) (mem. op.) (citing *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995)). For purposes of section 1983, a public defender or private attorney is not a state actor acting under the color of law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Conway*, 623 F. App'x at 232. Moreover, Plaintiff's central claim is that the defendants have withheld money that he believes is his based on a contractual issue; this is a state law claim, not a federal constitutional claim for a violation of civil rights. Accordingly, Plaintiff does not state a claim based on a federal question.

In addition, there is no indication that diversity of parties exists here; Plaintiff is located in Houston, Texas and Haines Law Firm and David Haines also have a Houston, Texas address. *See* Docket Entry No. 1 at 2. Because no diversity of parties exists and none of Plaintiff's claims raise a federal question, this Court lacks subject matter jurisdiction to hear this claim.

Accordingly, the Court **ORDERS** as follows:

1. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. Plaintiff's pending motion to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED as MOOT**.

The Clerk of Court will provide a copy of this Order to all the parties of record.

SIGNED at Houston, Texas, this 12th day of April, 2018.

                                      MELINDA HARMON
                             UNITED STATES DISTRICT JUDGE